DELAWARE SALES AND BROKERAGE COMPANY, a corporation existing under the laws of the State of Delaware, *vs.* THOMAS O. HAYDOCK, JR., and EVAN L. MOORE, Copartners, Trading Under the Name of National Pipe and Supply Company.

1. SALES—COUNT IN ACTION FOR BREACH OF CONTRACT OF SALE SUFFICIENT.
   In an action for breach of contract for the sale of merchandise, where it was alleged that the property consisted of certain classes of material, all in the possession of defendants and set forth in a government lis*t* such description of the property was sufficient.

2. SALES—OPTION, WHETHER OR NOT SUPPORTED BY CONSIDERATION, HELD SUFFICIENT OFFER.
   Where defendants, copartners, gave plaintiff an option to purchase property within a stipulated time, the option amounted at least to an offer, and a declaration, alleging acceptance before withdrawal, is not open to attack on the ground that the option was unsupported by a consideration.

(*June* 4, 1920)

RICE and HEISEL, J. J. sitting.
*William S. Hilles* for plaintiff.
*Harry Emmons* and *L. Irving Handy* for defendants.
Superior Court for New Castle County, May Term, 1920.
For. Attachment, Case No. 111, March Term, 1920.

Action by the Delaware Sales & Brokerage Company against Thomas O. Haydock, Jr., and Evan L. Moore, copartners trading under the name of the National Pipe & Supply Company. On demurrer to the first and second counts of the declaration. First conceded bad, and demurrer to the second overruled.

This action was brought upon an agreement alleged to have been made between the parties as alleged in the declaration, it being averred in the second count thereof:

"That on the 6th day of January, 1920, at New Castle county aforesaid, the said plaintiff at the special instance and request of the said defendants, offered to buy the following merchandise which covered all available at all the Du Pont plants, being government material which the said defendants had purchased from the E. I. Du Pont de Nemours & Co. at the prices quoted, to wit.   *   *   *  ·The said proposition further provided that the plaintiff should pay to the defendants check for one hundred dollars, for which defendants were to give plaintiff an option on any part, or any lot, or all of the above merchandise located on all or any of the plants aforesaid, said option to be subject to the acceptance by the plaintiff upon inspection of said merchandise. -Said proposal further provided that if the plaintiff should not purchase the said merchandise after inspection, defendants were to return to plaintiff the one hundred dollars given to bind the proposition, the said one hundred dollars to be returned without any charges of any nature whatsoever, if no merchandise was purchased. If plaintiff did purchase any merchandise, the said one hundred dollars was to be retained by the defendants and was to apply on the ten per cent. deposit required upon purchase of the goods. The terms of purchase were to be f. o. b. plants balance sight draft, bill of lading. The said proposition further provided that in case of any loss, or damage or shortage, defendants were to indemnify plaintiff to the amount of loss. Said option was granted for a ten-day period, and if not exercised in the time specified, through causes beyond plaintiff's control, either the length of the option was to be renewed or the check returned in like manner as above set forth. That the said proposition was on the said 6th day of January accepted by the defendants who then and there accepted the said check for one hundred dollars above referred to. That on the 15th day of January, 1920, the plaintiff exercised the option given to it as aforesaid and advised the defendants that it accepted the following merchandise at the prices noted.*   *   *

"The said acceptance further provided that it should cover all lots of the above merchandise located on all of the plants of the Du Pont Company and as they appear listed on the inventories of government material on such plants and which the defendants purchased from the Du Pont Company, said plants being located at—.*   *   *   Said acceptance further notified the defendants that plaintiff had inspected the merchandise mentioned and formally advised the defendants of plaintiff's acceptance of the same and wish to avail itself of said option. Said acceptance further provided that as defendants were then unable to present to plaintiff invoice covering merchandise from each plant at time of acceptance, plaintiff would send the ten per cent. deposit immediately upon receipt of such invoices, and requested that such invoices might be furnished as soon as possible. In consideration of the premises, and that the said plaintiff at the like special instance and request of

the said defendants had then and there undertaken and faithfully promised the said defendants to accept and receive the said merchandise and to pay for the same at the rates or prices aforesaid, they, the said defendants, undertook and then faithfully promised the said plaintiff to deliver the said goods to the said plaintiff as aforesaid, and although the said plaintiff hath always been ready and willing to accept and receive the said goods and to pay for the same at the rates or prices aforesaid, to wit, at * * * aforesaid, whereof the said defendants have always had notice, yet the said defendants, not regarding their said promise and undertaking, but contriving and intending to deceive and defraud the said plaintiff in this behalf, * * * refused to consider the said contract and agreement binding upon them and declined to perform the same and likewise declined to deliver the said goods to the said plaintiff, and have not." etc.

Damages were laid in ten thousand dollars.

The causes of demurrer are: (1) That the count fails to set forth specifically the quantity of any kind or class of merchandise on which it is alleged in the declaration the plaintiff obtained an option from the defendants; and (2) it fails to show any consideration for the option set forth under which plaintiff's claim is made.

It is claimed for the defendant company that the second count does not set forth with sufficient particularity the goods alleged to have been bought, and also that a sufficient consideration is not shown to support the alleged option to purchase.

For the plaintiff company it was urged that the Du Pont Company had sold to the defendant company all of certain classes of material at certain designated places, which were set forth in a government list. This property was in the possession of the defendant company. That the transaction took the form of an offer, a conditional offer, on the part of the plaintiff, to buy all or part of the said merchandise located at certain designated points, at certain price per article. That the transaction was one of the most ordinary transactions of commercial life. That when the option was accepted the contract was complete, regardless of the question whether there was any monetary consideration or not.

PER CURIAM. [1] We are of the opinion that in an action of this character, where the allegation is that all of certain articles in the possession of the defendants was the merchandise in question, it is stated with sufficient particularity.

[2]   The second ground of demurrer to said count is that said count fails to allege any consideration for the option set forth, under which the claim is made.   In substance, the allegation in the second count is an averment of an option on the part of the defendants allowing the plaintiff a specified number of days in which to purchase merchandise from the defendants, and the exercise of said option to purchase said property by the plaintiff within that time.

We think it is not necessary upon demurrer as the pleadings now stand to determine whether there was a good and sufficient consideration to support the option, because the option was at least an offer on the part of the defendant to sell the plaintiff merchandise within a specified time and an acceptance of the offer by the plaintiff within the time specified.

For the reasons stated, the demurrer to the second count is overruled.